COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-353-CR

JORGE CABELLO ARENAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

After waiving a jury and entering an open plea of guilty, appellant Jorge Cabello Arenas appeals his conviction and ten-year sentence for possession of less than one gram of cocaine.  We affirm.   

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  We gave appellant the opportunity to file a pro se brief, and he has filed one.  The State has not filed a brief.

Once an appellant’s court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record.
(footnote: 3)  Only then may we grant counsel’s motion to withdraw.
(footnote: 4) 

There is no reporter’s record in this case.  We have carefully reviewed the clerk’s record, counsel’s brief, and appellant’s pro se brief.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing 

in the record that might arguably support the appeal.
(footnote: 5)  Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgment.  

PER CURIAM

PANEL:  CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  November 19, 2009

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967)
.

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State,
 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

4:
See Penson v. Ohio,
 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

5:
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
see also Meza v. State,
 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).